**UNITED STATES DISTRICT COURT**
**NORTHERN DISTRICT OF ILLINOIS**
**EASTERN DIVISION**

| | | |
|---|---|---|
| DRW INVESTMENTS, LLC,<br><br>Plaintiff,<br><br>v.<br><br>U.S. COMMODITY FUTURES TRADING COMMISSION,<br><br>Defendants. | ) | No. 13 C 6630<br><br>Judge Sara L. Ellis |

**MEMORANDUM ORDER AND OPINION**

DRW Investments, LLC and Donald R Wilson, Jr. (collectively, "DRW") filed this action on September 17, 2013, seeking both preliminary and permanent injunctive relief regarding an allegedly imminent U.S. Commodity Futures Trading Commission ("CFTC") enforcement action against DRW. According to DRW, the CFTC's planned (and now filed) enforcement action against DRW for violation of the anti-manipulation provisions of the Commodity Exchange Act based on certain open market orders DRW placed between January and August 2011 violates DRW's right to receive fair notice of what activities constitute market manipulation as well as its right to be free from arbitrary and unreasonable government actions. In Count I, DRW seeks a declaratory judgment that the CFTC's imminent enforcement action violates DRW's due process rights and also a permanent injunction against the CFTC to keep it from filing its contemplated enforcement action. In Count II, DRW seeks to preliminarily enjoin the CFTC from filing the enforcement action based on the same conduct in count I. DRW filed a motion for preliminary injunction on September 18, 2013, but that motion has not been briefed or even noticed for presentment. Because the CFTC's filing of the enforcement action against DRW moots both Count II of the complaint and DRW's motion for preliminary injunction, all

that remains is Count I of the complaint. The circumstances weigh in favor of the Court declining to exercise its discretionary jurisdiction under the Declaratory Judgment Act; as a result, this case will be dismissed.

On November 6, the CFTC filed an enforcement action against DRW in the Southern District of New York (Case No. 13 C 7884). The filing of the enforcement action moots Count II of the complaint, as well as DRW's motion for preliminary injunction, as the only relief sought in that Count and in the motion is a preliminary injunction to enjoin the CFTC from filing the enforcement action. Thus, this Court denies DRW's motion for preliminary injunction as moot and dismisses Count II of DRW's complaint.

Additionally, this Court declines to exercise jurisdiction over Count I of DWR's complaint. Federal courts have the discretion to hear declaratory judgment actions even when subject matter jurisdiction exists, with "the normal principle that federal courts should adjudicate claims within their jurisdiction yield[ing] to considerations of practicality and wise judicial administration." *Wilton v. Seven Falls Co.*, 515 U.S. 277, 282, 288 (1995) ("[D]istrict courts possess discretion in determining whether and when to entertain an action under the Declaratory Judgment Act, even when the suit otherwise satisfied subject matter jurisdictional prerequisites."); *Northfield Ins. Co. v. City of Waukegan*, 701 F.3d 1124, 1133 (7th Cir. 2012). *Wilton* abstention has typically applied where there is a parallel state proceeding, but it is not limited to such parallel proceedings. *Med. Assurance Co. v. Hellman*, 610 F.3d 371, 379 (7th Cir. 2010) ("The purpose of the Declaratory Judgment Act is to facilitate efficient outcomes."); *Envision Healthcare, Inc. v. PreferredOne Ins. Co.*, 604 F.3d 983, 986 (7th Cir. 2010). The Seventh Circuit has suggested that the following considerations be used in determining whether to exercise jurisdiction: "(1) whether the judgment would settle the controversy; (2) whether the

declaratory judgment action would serve a useful purpose in clarifying the legal relations at issue; (3) whether the declaratory remedy is being used merely for the purpose of 'procedural fencing' or 'to provide an arena for a race for *res judicata*'; (4) whether the use of a declaratory action would increase friction between our federal and state courts and improperly encroach on state jurisdiction, and (5) whether there is an alternative remedy that is better or more effective." *NUCOR Corp. v. Aceros Y Maquilas de Occidente, S.A. de C.V.*, 28 F.3d 572, 579 (7th Cir. 1994) (quoting *Nationwide Mut. Fire Ins. Co. v. Willenbrink*, 924 F.2d 104, 105 (6th Cir. 1991)); *see also Med. Assurance Co. v. Hellman*, 610 F.3d 371, 381 (7th Cir. 2010) ("The purpose of the Declaratory Judgment Act is to facilitate efficient outcomes."); *Hyatt Int'l Corp. v. Coco*, 302 F.3d 707, 712 (7th Cir. 2002) (the Declaratory Judgment Act "is not a tactical device whereby a party who would be a defendant in a coercive action may choose to be a plaintiff by winning the proverbial race to the courthouse" (quoting *Terra Nova Ins., Co. v. Acer Latin Am., Inc.*, 931 F. Supp. 852, 854–55 (S.D. Fla. 1996))). Another factor to consider is whether declining to exercise jurisdiction would allow the court to avoid determining constitutional questions. *See Brandt v. Village of Winnetka, Ill.*, 612 F.3d 647, 650 (7th Cir. 2010).

In a similar case filed by POM Wonderful against the FTC, the District Court for the District of Columbia declined jurisdiction over POM's action. *POM Wonderful LLC v. F.T.C.*, 894 F. Supp. 2d 40 (D.D.C. 2012). After POM had filed its action, the FTC filed an administrative proceeding, in which the court concluded POM could make its arguments that the challenged order violated the First and Fifth Amendments, among other things. *Id.* at 44. The court also noted that POM was essentially seeking to resolve an anticipatory defense and that the declaratory judgment action would not resolve all issues between the parties, factors which further weighed against exercising jurisdiction. *Id.* at 44–45; *see also Morgan Drexen, Inc. v.*

*CFPB*, No. 13-01112, 2013 WL 5664696 (D.D.C. Oct. 17, 2013) (declining to exercise jurisdiction over case where plaintiff could make its claims in defending against CFPB's later-filed enforcement action). There is a similar situation here: DRW would still be required to litigate whether its actions violated the Commodity Exchange Act; DRW can assert its arguments in defending against the enforcement action; this action seems likely to have been brought for forum shopping purposes; and it would be more effective to proceed solely in one forum.

The relevant *NUCOR Corporation* factors counsel against exercising jurisdiction over DRW's declaratory action. Therefore, this Court dismisses Count I of DRW's complaint.

Date: November 22, 2013

Honorable Sara L. Ellis